**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

In re: BKY Case No. 99-30128 DDO

INA Manufacturing Corp.,
d/b/a Deep Draw Manufacturing Co.,

Debtor.

Richard Hettler,

Appellant,

v.

John Stoebner, Trustee,

Appellee.

**ORDER**
Civil No. 01-1616 (ADM)
Civil No. 01-2061 (ADM)
Civil No. 01-2062 (ADM)
Civil No. 01-2429 (ADM)
Civil No. 02-0849 (ADM)
Civil No. 02-0850 (ADM)
Civil No. 02-0851 (ADM)

Appellant Richard Hettler has filed a Notice of Appeal with regard to this Court's Order dated July 26, 2002, which dismissed all of his various motions and appeals in the above-captioned proceedings. Appellant did not tender the $105 filing fee for his appeal, but instead filed an application to proceed in forma pauperis, ("IFP"), on appeal, which is now before the Court.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be

FILED SEP 20 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In the instant case, Appellant's IFP application shows that (a) he is not currently employed, (b) his only source of income is a monthly social security payment of $901, and (c) his only asset is a bank account that has a balance of $11. Based on these representations concerning his financial affairs, the Court finds that Appellant is financially eligible for IFP status.

Although the Court remains fully satisfied that Appellant's various motions and appeals in these proceedings were properly denied and dismissed, the Court cannot declare all of those motions and appeals to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Appellant's appeal is found to be taken in "good faith" for purposes of Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Appellant's application to proceed in forma pauperis on appeal in these proceedings is GRANTED.

Dated: September 19, 2002

ANN D. MONTGOMERY
United States District Court Judge